**Opinion filed February 17, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00193-CV

_____

## IN THE INTEREST OF J.W. AND B.W., CHILDREN

---

### On Appeal from the 35th District Court
### Brown County, Texas
### Trial Court Cause No. CV 1906254

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the parents of J.W. and B.W.[1]  The father filed this appeal.  On appeal, he presents one issue in which he challenges the trial court's finding that the termination of his parental rights would be in the children's best interest.  We affirm the order of the trial court.

---

[1]We note that, in the same order, the trial court also addressed the parental rights with respect to two additional children.  However, those children had a different father, and their parents did not appeal.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2021). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2). In his sole issue on appeal, Appellant asserts that the termination of his parental rights was not in the children's best interest. Appellant appears to challenge both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).

But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence and Analysis*

The record shows that the Department of Family and Protective Services received an intake in June 2019 based upon concerns of drug use in the home where the children resided. When the Department's investigator went to the home, he was told that the children were not there and "were off on a summer vacation." The investigator testified that both Appellant and the children's mother were at the home, were uncooperative, and appeared to be under the influence of illegal substances, namely methamphetamine. Two days later, the investigator located the mother and the children at the home of the maternal grandparents. At that time, the mother admitted that she had smoked methamphetamine the previous night, and she tested positive for methamphetamine and amphetamine.

The children were removed from their parents' care after the Department received the results of the children's drug tests. Five-year-old J.W. and three-year-old B.W. both tested positive for methamphetamine in a hair follicle test. The mother

subsequently refused numerous times to submit to drug tests and again tested positive for methamphetamine at the time of the adversary hearing in this cause. The father failed to submit to drug testing as requested.

After the children were removed, employees of the Department and 2INgage worked with the parents and the children involved in this case. The mother, after failing to complete her services and continuing to use drugs, voluntarily relinquished her parental rights. Appellant did not complete any of his court-ordered family service plan other than the first portion of the parenting class. He did not attempt to complete any of his services during the time that he was not incarcerated and did not complete the remaining portions of the parenting class—though he could have done so while incarcerated.

Appellant testified that he did not want his parental rights to be terminated and that he was unaware that the children's mother was using drugs. According to Appellant, he and the children's mother had ceased living together prior to the time of the intake in 2019. Appellant stated that he had "never done drugs at all in front of [his] children." Appellant also testified that he had not used methamphetamine or any other hard narcotics since 2005 or 2006. Appellant subsequently admitted, however, that he was currently under indictment for the offense of possession of methamphetamine—an offense that allegedly occurred on October 9, 2020.

Appellant was incarcerated during much of the time that this case was pending below. He was in the county jail, prison, and a halfway house at various times. At the time of trial, he was again incarcerated; he was being held for a parole violation and for a pending felony. Appellant's criminal history dated back to 2004 and included a conviction for the offense of manufacturing, with the intent to deliver, methamphetamine—for which he was still on parole at the time of trial. Appellant's criminal history also included more recent convictions for driving while intoxicated.

4

The 2INgage case manager believed that it would be in the children's best interest for Appellant's parental rights to be terminated. One of the reasons for this belief was the children's need for permanency. The attorney and guardian ad litem for the children agreed that termination and adoption by the aunt and uncle, with whom the children had been placed for an extended period of time, would be in the children's best interest. The Department's plan for the children was for them to remain with and be adopted by their aunt and uncle. The aunt and uncle wish to adopt the children, and the children's attorney and guardian ad litem stated that that is also what the children want.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in J.W.'s and B.W.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children; the emotional and physical needs of the children now and in the future; the emotional and physical danger to the children now and in the future; the parental abilities of those involved; the plans for the children by the Department; Appellant's extensive criminal history, which included drug-related offenses; and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of both J.W. and B.W. *See id.* We defer to the trial court's finding as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.


                                      JOHN M. BAILEY

                                      CHIEF JUSTICE


February 17, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.